UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEAN A. DORSIO                              JURY TRIAL DEMANDED

    V.

LAW OFFICES OF                              CASE NO:
HOWARD LEE SCHIFF

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sec. 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. Sec. 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. Sec. 42-110a.

2. The Courts jurisdiction is conferred by 15 U.S.C. Sec. 1692K and 28 U.S.C. Sec. 1331 and Sec. 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant violated the plaintiff's rights by sending a false and deceptive letter to plaintiff on December 21, 2004 with a Pro Se Appearance filled in by the defendant and accompanied by a Stipulation of Judgment dated December 21, 2004.  Both documents violate 15 U.S.C. 1692e (9) which states that the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued or approved by any court official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval.

In this case, within days after being served by a State Marshall with a Connecticut law suit the defendant filled in a Pro Se Appearance with the Plaintiff's name filled in along with his address and 00/00/00 for a return date.  This is form JD-CL-12 Rev 11/99 and is meant to make the plaintiff believe it is an Actual Appearance he need only sign along with a Stipulation for Judgment for the full amount of the debt a $200 per month, an amount never

given by a Court Order or Magistrate. $35 per week or $140 per month is the normal order given by the Court. The plaintiff has a right to fill in his own Pro Se Appearance if he chooses and would be signing a false and misleading Stipulation for Judgment if he signed for $200 a month. This action by the defendant violated 15 U.S.C. 1692e (10) by the use of false representation or deceptive means to collect any debt.

7. Defendant by its letter to plaintiff of December 21, 2004 makes false and misleading statements in violation of 15 U.S.C. 1692e by giving legal advice to plaintiff and denying it by saying we do not represent you and cannot provide you with legal advice. Yet, that is exactly what defendant does by saying to plaintiff he has a right to have a court of competent jurisdiction hear his dispute and the right to seek counsel. Yet, the defendant gives legal advice to the plaintiff, but only the legal advice he wants him to have. There are numerous legal rights he excludes by failing to mention them and leaves the false and misleading representation that he has already given the plaintiff his legal protections. Only a Judge may do this or else the defendant is being both Judge and an opposing party. This action is taken by defendant merely days after service by a State Marshall. The actions by defendant also violate Connecticut and United States case law.

Second Count

8. The allegations of the First Count are repeated and are re-alleged as if fully set forth herein.

9. Within three years to the date of this action defendant has engaged in acts and practices as to plaintiff in violation of the Creditors Collection Practices Act, Sec. 36a-645 et seq., or the Consumer Collection Agency Act, Sec 36a-800 et seq., Conn Gen. Stat.

10. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. Sec. 42-110a et seq.

WHEREFORE, plaintiff respectfully requests this Court to:

a. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 dollars statutory damages for each communication against the defendant:

b. Award the plaintiff costs of suit and a reasonable attorney's fee:

c. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY_____
        JEFFREY OLGIN, ESQ
        74 ROSE HILL ROAD
        BRANFORD, CT 06405
        FED JURIS NO. ct00191
        203-483-1549