UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2005 MAY 20 P 3: 23

DEAN A. DORSIO

JURY TRIAL DEMANDED

v.

CASE NO: 3:05CV00500(RNC)

LAW OFFICES OF
HOWARD LEE SCHIFF

MAY 12, 2005

AMENDED COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sec. 1692; the Connecticut Collection Practices Act, Conn. Gen. Stat. Sec. 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. Sec. 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C. Sec. 1692K and

28 U.S.C. Sec. 1331 and Sec. 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant violated the plaintiff's rights by sending a false and deceptive letter to plaintiff on December 21, 2004 with a Pro Se Appearance filled in by the defendant and accompanied by a Stipulation of Judgment dated December 21, 2004. Both documents violate 15 U.S.C. 1692e(9) which states that the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued or approved by any court official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval. These documents under the actual circumstances in this case also violate 1692e, 1692e2A, 1692e (5) and 1692e (10).

7. Defendant also violated the plaintiff's rights by the actual facts in this case according to 15 U.S.C. 1692f by using unfair or unconscionable means to collect a debt.

8. Defendant also violated the plaintiff's rights by the actual facts in this case according to 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

9. In this case, within days after being served by a State Marshall with a Connecticut law suit the defendant filled in a Pro Se Appearance with the Plaintiff's name filled in along with his address and 00/00/00/ for

a return date.  This is form JD-CL-12 Rev 11/99 and is meant to make the plaintiff believe it is an Actual Appearance he need only sign along with a Stipulation for Judgment for the full amount of the debt at $200 per month, an amount never given by a Court Order or Magistrate.  $35 per week or $140 per month is the normal order given by the Court.  The plaintiff has a right to fill in his own Pro Se Appearance if he chooses or to hire an attorney and would be signing a false and misleading Stipulation for Judgment if he signed for $200 a month plus 10% interest that is not disclosed in the Stipulation for Judgment.  This action by the defendant violated 15 U.S.C. 1692e (10) by the use of false representations or deceptive means to collect any debt.

10. Defendant by its letter to plaintiff of December 21, 2004 makes false and misleading statements in violation of 15 U.S.C. 1692e by giving legal advice to plaintiff and denying he is doing so by stating we do not represent you and cannot provide you with legal advice.  Yet, the defendant gives legal advice to the plaintiff, but only the legal advice he wants him to have.  There are numerous legal rights he excludes by failing to mention them and leaves the false and misleading representation that he has already given the plaintiff his legal protections.  The defendant states to plaintiff he has a right to a court of competent jurisdiction hear his dispute and the right to seek counsel.  He leaves out the right to confront witnesses, ther right to a jury trial and the right to appeal.  Only a Judge may give the plaintiff his entire legal rights and not a part of them as the defendant does in this case.  In particular, these documents are sent to plaintiff merely days after service by a State Marshall.   The actions by defendant also violate Connecticut and United States case law.

Second Count

10. The allegations of the First Count are repeated and re-alleged as if fully set forth herein.

11. Within three years to the date of this action defendant has engaged in acts and practices as to plaintiff in violation of the Creditors Collec Collection Practices Act, Sec. 36a-800 et seq., Conn. Gen. Stat.

12. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq.

   WHEREFORE, plaintiff respectfully requests this Court to:

   a. Award plaintiff such damages as are permitted by law, both comensatory and punitive, including $1,000 dollars statutory damages for each communication against the defendant.

   b. Award the plaintiff costs of suit and a reasonable attorney's fee.

c. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

                                        THE PLAINTIFF

                                        BY

                                        JEFFREY OLGIN
                                        HIS ATTORNEY
                                        FEDERAL JURIS NO. ct00191
                                        74 ROSE HILL ROAD
                                        BRANFORD, CT 06405
                                        203-483-1549

## CERTIFICATION

I hereby certify a copy of the foregoing was sent to Attorney Jeanine Dumont, Law Offices of Howard Lee Schiff, P.C., 510 Tolland Street, P.O. BOX 280245, East Hartford, CT 06128 on May 13, 2005.

                                        JEFFREY OLGIN